IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| HERON THERAPEUTICS, INC.,<br><br>                        Plaintiff,<br><br>              v.<br><br>FRESENIUS KABI USA, LLC,<br><br>                        Defendant. | C.A. No. 22-985-WCB |

**SCHEDULING ORDER**

The court having conducted an initial Rule 16(b) scheduling conference pursuant to Local Rule 16.1(b), and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation or binding arbitration:

IT IS ORDERED that:

1. Rule 26(a)(1) Initial Disclosures.  Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) within 5 days of the date of this order.

2. Accused Product Disclosure.  Plaintiffs to identify the accused product and produce the asserted patents and file histories no later than December 16, 2022.

3. Core Technical Documents.  Parties to produce core technical documents no later than January 13, 2023.

4. Infringement Contentions.  Not later than March 17, 2023, the plaintiff shall serve Infringement Contentions on the defendant.

5. Invalidity Contentions.  Unless otherwise agreed to by the parties, not later than February 17, 2023, the defendant shall serve its Invalidity Contentions on the plaintiff.  The Invalidity Contentions shall contain the following information:

a.  The identity of each item of prior art that the defendant alleges anticipates each asserted claim or renders the claim obvious.  Each prior art patent shall be identified by its number, country of origin, and date of issue.  Each prior art publication shall be identified by its title, date of publication, and, where feasible, author and publisher.  Any alleged sale or public use shall be identified by specifying the item offered for sale or publicly used or known, the date the offer or use took place or the information became known, and the identity of the person or entity that made the use or that made and received the offer, or the person or entity that made the information known or to whom it was made known.

b.  Whether each item of prior art anticipates each asserted claim or renders it obvious.  If obviousness is alleged, an explanation of why the prior art renders the asserted claim obvious, including an identification of any combinations of prior art showing obviousness;

c.  A chart identifying specifically where and how in each alleged item of prior art each limitation of each asserted claim is found, including for each limitation that such party contends is governed by 35 U.S.C. § 112(f), the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function; and

d.  Any grounds of invalidity based on 35 U.S.C. § 101, indefiniteness under 35 U.S.C. § 112(b), or lack of enablement or insufficient written description under 35 U.S.C. § 112(a) of any of the asserted claims.

6.  <u>Amendment of Contentions</u>.  Amendment of the Invalidity Contentions may be made only by order of the court upon a timely showing of good cause.

7.  <u>Joinder of Other Parties and Amendment of Pleadings</u>.  All motions to join parties and to amend or supplement the pleadings shall be filed on or before August 31, 2023.

8. <u>Discovery</u>.

a. <u>Discovery Cut Off</u>.  All fact discovery in this case shall be initiated so that it will be completed on or before October 27, 2023.

b. <u>Document Production</u>.  Document production shall be substantially complete by August 25, 2023.

c. <u>Requests for Admission</u>.  A maximum of 50 requests for admission are permitted for each party.

d.   <u>Interrogatories</u>.   A maximum of 25 interrogatories, including contention interrogatories, are permitted for each party.

e. <u>Depositions</u>.  Each party will be limited to 100 total hours of deposition, 7 hours per deposition.  Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district.  Exceptions to this general rule may be made by order of the court or by agreement of the parties.  A defendant who becomes a counter-claimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this district court for purposes of this provision.

f. <u>Disclosure of Expert Testimony</u>.

i. <u>Expert Reports</u>.  For the party that has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before December 8, 2023.  The opposing party's responsive disclosure of expert testimony, including expert reports to be submitted by Plaintiff regarding any objective indicia of nonobviousness, is due on or before January 16, 2024.  Reply expert reports from the party with the initial burden of proof are due on or before February 12, 2024.  No other expert reports will be permitted without

either the consent of all parties or leave of the Court.  Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition. Any expert depositions shall be taken no later than March 11, 2024.

ii.  <u>Objections to Expert Testimony</u>.  To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharmaceutical, Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than March 25, 2024, unless otherwise ordered by the Court.

g.  <u>Discovery Matters and Disputes Relating to Protective Orders</u>.  Should counsel find they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall contact the Court's law clerk to schedule a hearing.  The Court's law clerk, Mr. Dane Sowers, can be reached at sowersd@cafc.uscourts.gov.  The Court will then direct the filing of letter briefs, to be followed by a telephonic hearing if the court considers the hearing necessary.  Discovery-related disputes should not be addressed by motion.

9.  <u>Application to the Court for a Protective Order</u>.  Should counsel find it necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the court within ten days from the date of this order.  Should counsel be unable to reach agreement on a proposed form of order, counsel must follow the provisions of Paragraph 3(g) above.

Any proposed protective order must include the following paragraph:

<u>Other Proceedings</u>.  By entering this order and limiting the disclosure of information in this case, the court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to

disclose another party's information designated as confidential pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

10.  <u>Papers Filed Under Seal</u>.  When filing papers under seal, counsel shall deliver to the Clerk an original and one copy of the papers.  A redacted version of any sealed document shall be filed electronically within seven days of the filing of the sealed document.  Papers should not be filed under seal unless there is a specific and substantial reason that particular materials in those papers are confidential and need to be protected from disclosure.

11.  <u>Courtesy Copies</u>.  Courtesy copies of motions or other documents filed ordinarily need not be provided to the court.  However, the parties shall provide the court with a courtesy copy of all briefs relating to any dispositive motion or *Daubert* motion, along with a courtesy copy of any other document filed in support of any such brief (i.e., appendices, exhibits, declarations, affidavits, etc.) by mailing them to Judge Bryson's chambers, 717 Madison Place, N.W., Suite 910, Washington, D.C. 20439.  This provision also applies to papers filed under seal.

12.  <u>Claim Construction</u>.  The parties will meet and confer to determine what, if any, issues of claim construction the court needs to address.  On or before April 18, 2023, the parties will advise the court as to what claim construction issues the parties have identified, which are ones on which the parties agree on a construction, which claim construction issues are disputed, and what the parties proposed claim constructions are for each of the identified claim construction issues, disputed or undisputed.

a.  <u>Claim Construction Briefing</u>.  On or before May 16, 2023, the plaintiff will file a brief of no more than 5000 words setting out its position on claim construction.  On June 6, 2023, the defendant will file a single answering brief of no more than 7500 words setting out its position on claim construction.  On June 27, 2023, the plaintiff may file a reply brief of no more than 5000

words on claim construction.   On July 11, 2023, the defendant may file a sur-reply brief of no more than 2500 words on claim construction.

      b.  <u>Meet and Confer on Claim Construction</u>.  On or before July 18, 2023, the parties will meet and confer in an effort to narrow their disputes as to claim construction issues.  Within three business days of the meet and confer, the parties will submit to the court a joint status report indicating what, if any, issues have been resolved or narrowed regarding claim construction.

      c.  <u>Hearing on Claim Construction</u>.  If, after considering the parties' briefs and the status report, the court determines that a hearing on claim construction would be useful, the court will set such a hearing for July 24, 2023.  At least 10 days in advance of the hearing, each party will advise the court and the opposing party if live testimony will be presented at the hearing.  The court strongly discourages the use of PowerPoints and other demonstratives.  If the parties wish to refer to exhibits or illustrations, those should be included in the materials submitted to the court with the claim construction briefs.

13.  <u>Deadlines</u>.  All documents required to be filed on a specified date (or within a specified number of days after a particular event) must be filed no later than 5 p.m. on the date specified.  Any requests to extend a deadline must be filed at least three business days in advance of the deadline.

14.  <u>Case Dispositive Motions</u>.  If, following expert discovery, any party believes that filing a summary judgment motion might obviate the need for a trial , that party may request leave to seek summary judgment at that time.  Any such request to file a summary judgment motion will be due within 14 days of the close of expert discovery and must be accompanied by the party's proposed motion for summary judgment.  Unless otherwise ordered, each side will address all of their case dispositive motions in an opening brief of no more than 7500 words.  Each side may file

a single responsive brief of no more than 7500 words.  The movant may then file a single reply brief of no more than 2500 words.

15.  <u>Applications by Motion</u>.  Except as otherwise specified herein, any application to the court shall be by written motion.  Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.  Any brief in support of a motion, as well as the associated response and reply briefs, should be double-spaced with 12-point Times New Roman font.  All footnotes in such briefs should be double-spaced.

16.  <u>Pretrial Conference</u>.  On a date to be determined, the court will hold a final pretrial conference with counsel.  The parties shall file a joint proposed pretrial order in compliance with Local Rule 16.3(c) no later than 5 p.m. on the third business day before the date of the final pretrial conference.

17.  <u>Motions in Limine</u>.  Motions *in limine* shall not be separately filed.  All *in limine* requests and responses thereto shall be set forth in the joint proposed pretrial order.  The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument.  The party making the *in limine* request may file a reply of one page in support of its request.

18.  <u>Trial.</u>  This case is scheduled for a 5 day bench trial beginning at 9:00 a.m. on June 10, 2024, with each subsequent trial day beginning at 9:00 a.m.  The trial will be timed, with each party being given 15 hours to present its case.  Expiration of the 30-month stay is December 14, 2024.

IT IS SO ORDERED.

SIGNED this 7th day of December, 2022.


WILLIAM C. BRYSON
UNITED STATES CIRCUIT JUDGE