## MORRIS, NICHOLS, ARSHT & TUNNELL LLP

1201 NORTH MARKET STREET
P.O. BOX 1347
WILMINGTON, DELAWARE  19899-1347

———

302 658 9200
302 658 3989 FAX

**JEREMY A. TIGAN**
(302) 351-9106
jtigan@morrisnichols.com

April 4, 2024

The Honorable William C. Bryson  *VIA ELECTRONIC FILING*
United States Court of Appeals
Howard T. Markey National Courts Building
717 Madison Place, N.W.
Washington, DC 20439

  Re: *Heron Therapeutics, Inc. v. Fresenius Kabi USA, LLC*; C.A. No. 22-985 (WCB)

Dear Judge Bryson:

  Pursuant to Paragraph 14 of the December 7, 2022, Scheduling Order, D.I. 21, Plaintiff Heron Therapeutics, Inc. ("Heron") has determined that, following expert discovery, there is no genuine issue of material fact warranting trial with respect to Heron's claim of infringement of Fresenius's proposed ANDA drug product, or with respect to Fresenius's defense of indefiniteness (that Fresenius raises only for one of the patents-in-suit). Because trial of this claim and defense has been obviated by fact and expert discovery, Heron respectfully requests leave to move for summary judgment within 14 days of the close of expert discovery on March 21, 2024, as required under this Court's Scheduling Order. (D.I. 21 at ¶ 14; D.I. 94.) Heron files its proposed motion for summary judgment contemporaneously with this request per the Scheduling Order. (D.I. 21 at ¶ 14.) The grant of summary judgment would leave only Fresenius's allegations of obviousness and alleged lack of written description and enablement for trial.

  As Heron will show in its motion, Fresenius is seeking to reargue through the mouthpiece of its expert, Dr. Barrett Rabinow, the indefiniteness argument that Fresenius raised, demanded be decided, and then lost, in the *Markman* proceedings. (D.I. 54 at 2-14.) Those arguments continue to fail to raise a genuine issue of material fact.

  Secondly, having lost in its effort to create a noninfringement argument in the *Markman* proceedings (D.I. 54 at 15-21), Fresenius is stubbornly avoiding a concession of infringement of its accused generic copy of Heron's Cinvanti® drug product, which embodies the patents-in-suit. As will be shown in its summary judgment brief, Fresenius in fact discovery raised no genuine dispute of infringement. Because it refused to stipulate to infringement, Heron and its expert Dr. Steven Little supplied fulsome expert reports showing the infringement of the asserted patent claims. Again, Fresenius refused to relent and supplied expert reports from its expert, Dr. Barrett

The Honorable William C. Bryson
April 4, 2024
Page 2

Rabinow. His deposition then confirmed that there never was a genuine infringement dispute, and that the positions bordered on the frivolous. Granting this motion would avoid further expenditures and wasted time spent by Heron and the Court at trial hearing these issues.

Heron has set forth its full grounds in its Motion for Summary Judgment and supporting papers, filed contemporaneously. For at least these reasons, Heron respectfully requests leave to move for summary judgment on the claim of infringement and Fresenius's defense of indefiniteness.

Respectfully,

*/s/ Jeremy A. Tigan*

Jeremy A. Tigan (#5239)

JAT:lo
cc:   All Counsel of Record (via CM/ECF and e-mail)