IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HERON THERAPEUTICS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 22-985 (WCB) |
| | ) | |
| v. | ) | **PUBLIC VERSION** |
| | ) | |
| FRESENIUS KABI USA, LLC, | ) | **Confidential Version Filed: June 10, 2024** |
| | ) | **Public Version Filed: July 2, 2024** |
| Defendant. | ) | |

# JOINT [PROPOSED] PRETRIAL ORDER

**TABLE OF CONTENTS**

| | | |
|---|---|---:|
| I. | NATURE OF THE ACTION [L.R. 16.3(c)(1)] | 2 |
| III. | UNCONTESTED FACTS [L.R. 16.3(c)(3)] | 5 |
| IV. | CONTESTED FACTS [L.R. 16.3(c)(4)] | 5 |
| V. | ISSUES OF LAW [L.R. 16.3(c)(5)] | 5 |
| VI. | EXHIBITS [L.R. 16.3(c)(6)] | 5 |
| | A.  Trial Exhibits | 5 |
| | B.  Demonstrative Exhibits | 8 |
| VII. | WITNESSES [L.R. 16.3(c)(7)] | 10 |
| | A.  Deposition Designations | 12 |
| | B.  Objections to Expert Testimony | 14 |
| VIII. | BRIEF STATEMENT OF INTENDED PROOFS [L.R. 16.3(c)(8)-(10)] | 14 |
| IX. | PROPOSED AMENDMENTS TO THE PLEADINGS [L.R. 16.3(c)(11)] | 14 |
| XI. | MISCELLANEOUS ISSUES | 14 |
| | A.  Motions In Limine | 14 |
| | B.  Damages and Other Remedies | 15 |
| | C.  Expected Duration and Scope of Trial | 16 |
| | D.  Setup of Electronic and Computer Devices | 16 |
| | E.  Type of Trial | 16 |
| | F.  Order of Proof | 16 |
| | G.  Daily List of Admitted Exhibits | 17 |
| | H.  Trial Transcript Errata | 17 |
| | I.  Post-Trial Briefing | 17 |
| | J.  Submission of Exhibits After Trial | 18 |
| XII. | ORDER TO CONTROL COURSE OF ACTION | 18 |

1. This matter comes before the Court at a final pretrial conference to be held on Friday, June 14, 2024 at 2:00 PM under Rule 16 of the Federal Rules of Civil Procedure.

2. Plaintiff is Heron Therapeutics, Inc. ("Heron" or "Plaintiff") and is represented by Isaac S. Ashkenazi, Bruce M. Wexler, Christopher P. Hill, Mark Russell Sperling, and Justin T. Fleischacker of Paul Hastings LLP.  Plaintiff is also represented by Jack B. Blumenfeld and Jeremy A. Tigan of Morris Nichols.

3. Defendant is Fresenius Kabi USA, LLC ("Fresenius" or "Defendant") and is represented by Imron T. Aly, Kevin M. Nelson, Helen H. Ji, Mallory McMahon, and Julie Vernon of ArentFox Schiff LLP.  Defendant is also represented by Neal C. Belgam and Daniel A. Taylor of Smith, Katzenstein & Jenkins LLP.

4. Pursuant to D. Del. LR 16.3, Heron and Fresenius, by their undersigned counsel, hereby submit this proposed Joint Pretrial Order governing the above-captioned bench trial commencing on Monday, June 24, 2024.

## I.   NATURE OF THE ACTION [L.R. 16.3(c)(1)]

5. This is an action alleging patent infringement arising under the patent laws of the United States, Title 35, United States Code based on Defendant's filing of an Abbreviated New Drug Application ("ANDA") with the U.S. Food and Drug Administration ("FDA").

6. Heron is the holder of approved New Drug Application ("NDA") No. 209296 for an injectable emulsion for intravenous use containing 130 mg/18mL (7.2 mg/mL) aprepitant as the active ingredient, which is marketed and sold in the United States under the brand name Cinvanti®. Cinvanti® is indicated for the treatment in adults, in combination of other antiemetic agents, for the prevention of (1) acute and acute and delayed nausea and vomiting associated with initial and repeat courses of highly emetogenic cancer chemotherapy including high dose cisplatin as a single-dose regimen, (2) delayed nausea and vomiting with initial and repeat courses of moderately

emetogenic cancer chemotherapy as a single-dose regimen, and (3) nausea and vomiting associated with initial and repeat courses of moderately emetogenic cancer chemotherapy as a 3-day regimen.

7. Heron is currently asserting two patents in this litigation: United States Patent Nos. 9,561,229 ("the '229 patent") and 9,974,794 ("the '794 patent") (collectively, "the patents-in-suit"). The patents-in-suit are listed in the FDA's *Approved Drug Products with Therapeutic Equivalence Evaluations* ("Orange Book") in connection with NDA No. 209296 for Cinvanti®. Heron owns each of the patents-in-suit.

8. Heron is currently asserting Claims 1-21 of the '229 patent and Claims 1-21 of the '794 patent (collectively, "the Asserted Claims").

9. By letter dated June 13, 2022 (the "Notice Letter"), Fresenius informed Heron that it had submitted ANDA No. 214639 ("Fresenius's ANDA") to the FDA under Section 505(j)(2) of the Federal Food, Drug, and Cosmetic Act ("FFDCA"), 21 U.S.C. § 355(j)(2), seeking approval to engage in the commercial manufacture, use, sale, and/or offer for sale within the United States, and/or importation into the United States, of its proposed generic product, which is an injectable emulsion containing 130mg/18mL (7.2 mg/mL) aprepitant ("the Fresenius ANDA Product"), prior to the expiration of the patents-in-suit.

10. Fresenius's ANDA included a Paragraph IV certification alleging, *inter alia*, that the claims of the patents-in-suit are invalid, unenforceable, and/or will not be infringed by the commercial manufacture, use or sale of the drug products that are the subject of Fresenius's ANDA.

11. On July 27, 2022, Heron commenced case number 22-985-WCB (the "Action") against Fresenius[1] within forty-five (45) days after receiving the Notice Letter by filing a Complaint. Heron asserted that Fresenius was infringing under 35 U.S.C. § 271(e)(2)(A) by its submission of ANDA No. 214639 prior to the expiration of patents-in-suit.[2] (D.I. 1.) Plaintiffs also asserted that if Fresenius's ANDA were to be approved, then Fresenius's manufacture, use, sale and/or offer to sell in the United States, and/or importation into the United States, of the Fresenius ANDA Product would infringe the patents-in-suit under 35 U.S.C. § 271(a), (b), and/or (c). (*Id.*)

12. On November 16, 2022, Fresenius filed its Answer and Counterclaims denying infringement and alleging counterclaims of noninfringement and patent invalidity with respect to the patents-in-suit. (D.I. 15.)

13. On December 7, 2022, Heron filed its Answer to Fresenius's November 16, 2022 Counterclaims (D.I. 20.)

## II.     JURISDICTION [L.R. 16.3(c)(2)]

14. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, 2202, and/or 35 U.S.C. § 271. The subject matter jurisdiction of the Court

---

[1] Fresenius Kabi AG ("Fresenius AG") was also named as a defendant in this action. (*See* D.I. 1.) The parties stipulated that Fresenius AG would, inter alia, be dismissed from the Action, but "be bound by any stipulation, decision, order, or judgment, including any injunction" rendered as to Fresenius. (*See* D.I. 13.)

[2] Heron also asserted United States Patent Nos. 9,808,465 ("the '465 patent"), 9,974,742 ("the '742 patent"), 9,974,793 ("the '793 patent"), 10,500,208 ("the '208 patent"), 10,624,850 ("the '850 patent"), 10,953,018 ("the '018 patent"), and 11,173,118 ("the '118 patent"), but during the course of litigation, the parties have stipulated to the dismissal of those patents from this suit. (*See* D.I. 40; D.I. 97.)

in this matter is not disputed for purposes of this Action only. Fresenius also does not contest personal jurisdiction or venue for the purposes of this Action only.

### III. UNCONTESTED FACTS [L.R. 16.3(c)(3)]

15. The parties stipulate to the facts listed in **Exhibit 1** hereto. These stipulated facts require no proof at trial and will become part of the evidentiary record in this case.

### IV. CONTESTED FACTS [L.R. 16.3(c)(4)]

16. Heron's statement of issues of fact that are not stipulated for purposes of this Joint Pretrial Order is attached hereto as **Exhibit 2**.

17. Fresenius's statement of issues of fact that are not stipulated for purposes of this Joint Pretrial Order is attached hereto as **Exhibit 3**.

### V. ISSUES OF LAW [L.R. 16.3(c)(5)]

18. Heron's statement of issues of law that provide a legal framework for issues remaining to be litigated is attached hereto as **Exhibit 4**.

19. Fresenius's statement of issues of law that provide a legal framework for issues remaining to be litigated is attached hereto as **Exhibit 5**.

### VI. EXHIBITS [L.R. 16.3(c)(6)]

#### A. Trial Exhibits

20. The list of exhibits, subject to continued meeting and conferring in advance of and during trial, that Heron and Fresenius may ultimately offer jointly, is attached hereto as **Exhibit 6**. These exhibits are identified by the prefix JTX.

21. The list of exhibits that Heron may offer, including Fresenius's objections thereto, is attached hereto as **Exhibit 7**. These exhibits are identified by the prefix PTX.

22. The list of exhibits that Fresenius may offer, including Heron's objections thereto, is attached hereto as **Exhibit 8**. These exhibits are identified by the prefix DTX.

23. The Joint Pretrial Order contains the maximum universe of exhibits to be used by any party for direct, cross (other than solely for impeachment), and re-direct examinations as well as all objections to the admission of such exhibits. Exhibits not listed will not be admitted unless good cause is shown.

24. Each party reserves the right to offer exhibits set forth on the other party's exhibit list, even if not set forth on its own exhibit list. All objections to such exhibits are preserved, regardless of whether such exhibits also appear on the other party's exhibit list. Any trial exhibit, once admitted, may be used equally by either party subject to any limitations as to its admission into evidence.

25. The parties reserve their rights to raise all objections to exhibits as set forth on the trial exhibit lists. The listing of a trial exhibit does not constitute an admission as to the admissibility of the trial exhibit (i.e., a waiver of any applicable objection). Each party reserves the right to object to the relevance or admissibility of any evidence offered by the other party (or jointly), at the time such evidence is offered, in view of the specific context in which such evidence is offered, or for any other reason as set forth in the Federal Rules of Evidence or other applicable principles of law.

26. The parties agree that if any party removes or otherwise withdraws an exhibit from its trial exhibit list, the other party may amend its trial exhibit list to include that same exhibit. The parties also agree that the amending party may make objections to such added trial exhibit, other than an objection based on untimely listing.

27. The parties agree that any description of a document on a trial exhibit list is provided for convenience only and shall not be used as an admission or otherwise as evidence regarding the listed document or any other listed document.

28.     Each party shall serve on opposing counsel by electronic mail a written list by exhibit number of the trial exhibits that the party intends to use during direct examination of a witness (i.e., the subset of trial exhibits already disclosed on **Exhibits 6-8**), by 7:00 pm ET two (2) calendar days before such direct examination is expected to take place.  The party receiving the identification of exhibits intended for use during direct examination of a witness will inform the party identifying the exhibits of any objections by 7:00 pm ET the next day (i.e., the day before their intended use), and the parties shall meet and confer as soon as possible thereafter, but in any event, by 9:30 pm ET that evening in a good-faith effort to discuss and resolve any objections to the trial exhibits.  If good faith efforts to resolve the objections fail, the party objecting to the exhibits shall bring its objections to the Court's attention at the beginning of the next trial day.  The advance notification provision for exhibits does not apply to exhibits to be used during cross-examination.

29.     Other than trial exhibits jointly designated by the parties in **Exhibit 6** and any supplements thereto, or as otherwise agreed by the parties, no exhibit shall be admitted unless offered into evidence through a witness, subject to the Court's ruling on any objections as to admissibility and the witness's ability to testify concerning said exhibit.  At some point before the completion of the party's case-in-chief, any party that has used an exhibit with a witness and wishes for that exhibit to be admitted into evidence must formally move the exhibit into evidence, by exhibit number.  Failure to raise an objection to an exhibit at trial shall be considered a waiver of said evidentiary objection.

30.     The parties agree that exhibits used for impeachment purposes may be admitted into evidence whether or not they are included in the exhibit lists.  The parties reserve the right to object on evidentiary or discovery grounds to any such exhibit if used at trial.

31. Exhibits not objected to will be received into evidence by the operation of the Final Pretrial Order without the need for additional foundation testimony, provided they are referenced by a witness through live testimony or by deposition designation. Each party agrees that complete legible copies of documents may be offered and received into evidence to the same extent as an original unless a genuine question is raised as to the authenticity of the original, or if in the circumstances it would be unfair to admit the copy in lieu of the original. Complete legible copies of United States and foreign patents and/or applications, and the contents of associated file histories, may be offered and received into evidence in lieu of certified copies thereof, subject to all other objections which might be made to the admissibility of certified copies.

**B.     Demonstrative Exhibits**

32. Exhibits that the parties intend to use at trial solely for demonstrative purposes (i.e., those created for purposes of trial, as distinguished from physical exhibits that exist independent of trial in this Action that a party may wish to use at trial) without admitting into evidence ("demonstrative exhibits") do not need to be described on their respective lists of trial exhibits.

33. Each demonstrative exhibit shall clearly indicate on the face of the demonstrative exhibit, if practicable, all information sources (including, if available, trial exhibit numbers) that form the basis for the demonstrative exhibit. If not practicable to indicate the sources on the face of the demonstrative exhibit itself, an identification of the sources shall accompany the demonstrative exhibit.

34. Plaintiffs' demonstrative exhibits will be identified with unique PDX numbers. Defendant's demonstrative exhibits will be identified with unique DDX numbers.

35. Demonstrative exhibits, while not substantive evidence, shall be submitted to the Court at the end of trial and included in the record for appeal.

8

36. Each party shall serve on opposing counsel by electronic mail (for files having a size of less than 10 MB) and/or by online file transfer (for files having a size of 10 MB or greater) full color copies (or videos, for the case of animations) of any demonstrative exhibits that each party intends to use at trial during opening statements or during direct examination of a witness according to the schedule below. For irregularly sized physical demonstrative exhibits, the party seeking to use the demonstrative exhibit will provide a color representation as a PDF of 8.5 x 11 inch copies of the demonstrative exhibit and make the original available for inspection by the opposing party.

37. For demonstrative exhibits to be used in connection with opening statements, each party shall exchange such demonstrative exhibits by 4:00pm ET the day before opening statements. The parties will meet and confer by 6:00 pm ET that same day to discuss any objections to the demonstrative exhibits.

38. For demonstrative exhibits to be used in connection with direct examination of a witness, each party shall exchange such demonstrative exhibits by 7:00 pm ET on the calendar day before such direct examination is expected to take place. The party receiving identification of demonstrative exhibits for direct examination will inform the party identifying the demonstrative exhibits of any objections by 9:00 pm ET on the day of receipt, and the parties will meet and confer as soon as possible thereafter to resolve such objections, but in any event by 10:00 pm ET that evening. If good faith efforts to resolve the objections fail, the party objecting to the demonstrative exhibits shall bring its objections to the Court's attention at the beginning of the next trial day.

39. The parties agree that notice of a party's intended use of blow-ups (enlargements) of trial exhibits and/or deposition testimony that has been used or will be used through designations and of ballooning, excerption, highlighting, etc. of such exhibits and/or deposition testimony need

not be given and need not be exchanged as demonstratives, as long as the party has identified its intent to use the trial exhibits and/or deposition testimony (through a party's designation of such testimony) according to the provisions of this Order.

40. For the avoidance of doubt, the notification provisions for demonstrative exhibits do not apply to demonstrative exhibits created in the courtroom during testimony, or to demonstratives used for cross-examination or impeachment purposes, which do not need to be provided to the other side in advance of their use. A party shall not be precluded from using such demonstrative exhibits if used for cross-examination or impeachment purposes for the sole reason that it was not provided before cross-examination of a witness. The advance notification provisions for demonstrative exhibits also do not apply to demonstrative exhibits used in closing arguments (to the extent closing arguments are requested by the Court), which do not need to be provided to the other side in advance of their use.

### VII. WITNESSES [L.R. 16.3(c)(7)]

41. Heron's list of fact and expert witnesses it may call at trial, either live or by deposition, and Fresenius's objections to Heron's witnesses, are attached hereto as **Exhibit 9**. The *curricula vitae* of Heron's expert witnesses are attached hereto as **Exhibit 10**.

42. Fresenius's list of fact and expert witnesses it may call at trial, either live or by deposition, and Heron's objections to Fresenius's witnesses, are attached hereto as **Exhibit 11**. The *curricula vitae* of Fresenius's expert witnesses are attached hereto as **Exhibit 12**.

43. Any witness not listed as described in **Exhibits 9** or **11** will be precluded from trial.

44. The curricula vitae of live witnesses a party intends to call at trial may be submitted at the time of the pretrial conference.

45. The listing of a witness on a party's witness list does not require that party to call that witness to testify, either in person or by deposition, nor shall it constitute an admission as to the availability or unavailability of that witness to appear live at trial.

46. Each party shall identify by electronic mail a good faith order of all of its live trial witnesses by 7:00 pm ET two (2) weeks ahead of the start of trial. Additionally, the parties agree they will timely notify the other party if there are any anticipated changes to the order of live trial witnesses after the disclosures described in this paragraph and before the start of trial.

47. Each party shall serve on opposing counsel by electronic mail a list of all witnesses (whether live or via deposition testimony) the party intends to call at trial and in what order by 7:00 pm ET two (2) calendar days before such testimony is expected to take place. This paragraph applies only to the identification of live witnesses; witnesses whose testimony will be provided through deposition designations must be disclosed according to the schedule set forth in Section A, below.

48. To the extent that any fact witnesses are permitted to testify, the parties agree that fact witnesses will be sequestered for opening statements and the testimony of witnesses. The parties agree that expert witnesses need not be sequestered.

49. Except as permitted under D. Del. LR 43.1 or by express permission of the Court, once tendered for cross examination, no witness shall communicate with anyone else regarding the substance of the witness's testimony until such time as cross examination is concluded. If the witness will be called to the stand to testify at a later time during the trial, once the witness has completed his or her cross examination, that witness can speak with counsel before taking the stand to testify at a later time during the trial.

### A.  Deposition Designations

50.  Deposition testimony that Heron may offer into evidence, together with Fresenius's counter-designations and the parties' respective objections, is identified in **Exhibit 13** hereto. Deposition testimony that Fresenius may offer into evidence, together with Heron's counter-designations and the parties' respective objections, is identified in **Exhibit 14** hereto. Deposition testimony to be used solely for impeachment but not admitted into evidence need not be identified to the other side in advance of its use.

51.  Each party shall serve on opposing counsel by electronic mail a written list of the final remaining lines and pages of each deposition transcript (i.e., the subset of deposition designations already disclosed in **Exhibits 13** and **14**), prior to reading or playing a video of the deposition at trial (other than for impeachment of a witness or cross-examination) that a party intends to use at trial by 7:00 pm ET at least three (3) calendar days before such deposition designation is expected to be used.  The party receiving the identification of deposition designations will inform the party identifying the deposition designations of any objections and counter-designations by 7:00 pm ET the following day (i.e., two (2) calendar days prior to the testimony being offered into the record), and the parties will meet and confer by 8:30 p.m. ET the same night in a good-faith effort to discuss and resolve any objections to the deposition designations.

52.  If deposition testimony is to be presented by video, then the party playing the designated testimony shall also serve the other party with actual video clips of all testimony to be played by 7:00 p.m. ET the calendar day before the witness is to be called at trial.

53.  If there are objections that remain to be resolved after the parties meet and confer, the party calling the witness by deposition shall, no later than 6:00pm one (1) calendar day before

the witness is to be called at trial, submit on behalf of all parties: (i) a copy of the entire deposition testimony of the witness at issue, clearly highlighting the designations, counter-designations, and pending objections; and (ii) a cover letter clearly identifying the pending objections as well as a brief indication (i.e., no more than one sentence per objection) of the basis for the objection and the offering party's response to it.  Failure to comply with these procedures, absent an agreement by the parties and approval by the Court, will result in waiver of the use of the deposition testimony or waiver of objection to the use of the deposition testimony.

54.    To the extent that deposition designations or counter-designations are admitted into evidence, they must either be played by video or read in open court, unless the Court prefers to accept and take any such submissions under advisement (with each party being charged for the playing time of their respective portions of the video designations).  If a party opts to introduce deposition testimony, any counter-designation of that same witnesses' testimony must be submitted in the same medium, and the testimony designated by both parties will be played or read consecutively in the sequence in which the testimony was originally given at deposition.  When the witness is called to testify by deposition at trial, the party calling the witness shall provide the Court with two (2) copies of the transcript of the designations and counter-designations that will be read or played.  An additional copy shall be provided to the court reporter.  To the extent deposition designations are read or played in open court, each party will be charged the time taken to read or play its designations.  Prior to the introduction of deposition designations or counter-designations, counsel for the introducing party may provide a short introduction to the Court about the identity of the witness and subject matter of deposition testimony, which introduction the parties agree is not evidence and the time for which will be charged against that party.

55. All irrelevant and redundant colloquy between counsel and objections will be eliminated when the deposition transcript is presented at trial. However, any objections that a party intends to seek a ruling on from the Court will be made at trial.

56. Each party may move an exhibit into evidence at the end of a witness's testimony or at another reasonable time.

57. The listing of a deposition designation does not constitute an admission as to the admissibility of the testimony nor is it a waiver of any applicable objection.

### B. Objections to Expert Testimony

58. The parties request that the Court rule at trial on objections to expert testimony as outside the scope of prior expert disclosures, taking time from the losing parties' trial presentation to argue and decide such objections.

## VIII. BRIEF STATEMENT OF INTENDED PROOFS [L.R. 16.3(c)(8)-(10)]

59. In support of its claims and in addition to the facts not in dispute, Heron expects to offer the proofs set forth in **Exhibit 15**.

60. In support of its claims and in addition to the facts not in dispute, Fresenius expects to offer the proofs set forth in **Exhibit 16**.

## IX. PROPOSED AMENDMENTS TO THE PLEADINGS [L.R. 16.3(c)(11)]

61. No parties seek to amend the pleadings at this time.

## X. CERTIFICATION OF SETTLEMENT DISCUSSIONS [L.R. 16.3(c)(12)]

62. The parties certify that they have engaged in a good faith effort to explore the resolution of the controversy by settlement. A settlement has not yet been reached.

## XI. MISCELLANEOUS ISSUES

### A. Motions in Limine

63. There are no motions *in limine* in this Action.

### B. Damages and Other Remedies

64. The parties do not intend to seek damages at this time, except all parties reserve the right to seek attorneys' fees, costs, and expenses pursuant to 35 U.S.C. § 285. Heron also reserves the right to seek damages if Fresenius manufactures, uses, sells and/or offers to sell in the United States, and/or imports into the United States, any of the Fresenius ANDA Product prior to the expiration date of any of the patents-in-suit. Fresenius reserves the right to object to any relief sought by Heron.

65. Heron requests the following relief from the Court:

    a. An order that each of the asserted claims of the patents-in-suit is infringed (directly and/or indirectly) and not invalid;

    b. An order that the effective date of any approval of Fresenius's ANDA No. 214639 be not earlier than the expiration of the patents-in-suit or any later expiration of any patent term extension or exclusivity for those patents to which Heron is or becomes entitled;

    c. Injunctive relief, as appropriate, against any infringement of the patents-in-suit by Fresenius, their officers, agents, attorneys, and employees, and those acting in privity or contract with them, precluding them from manufacturing, using, selling and/or offering to sell in the United States, and/or importing into the United States the Fresenius ANDA Product;

    d. A grant of such other and further relief as this Court may deem just and proper.

66. Fresenius requests the following relief from the Court:

    a. An order that each of the asserted claims of the patents-in-suit is not infringed (directly and/or indirectly) and/or is invalid;

        b.        An order denying any injunctive relief requested by Heron;

        c.        Any other and further relief as the Court may deem just and proper.

### C. Expected Duration and Scope of Trial

67. Trial is scheduled to begin on June 24, 2024 and to last five (5) days. The parties propose that the time that a party is presenting opening statements (to the extent opening statements are made orally), or examining or cross-examining witnesses (whether live or by deposition), will be counted as the time of that party. Time spent arguing objections in open Court will be assessed against the party that receives an adverse ruling concerning the objection. If the Court requests closing arguments, such closing arguments will take place at a date and time to be determined by the Court after post-trial briefing has concluded.

### D. Setup of Electronic and Computer Devices

68. The parties request that the Court grant access to the Courtroom on the business day before trial begins, i.e., Friday, June 21, 2024 (or whatever date is convenient to the Court prior to June 24, 2024), for the purposes of setting up electronic and computer devices. To the extent both parties are utilizing common equipment in the Courtroom, the parties will share the cost of that equipment.

### E. Type of Trial

69. This is a non-jury trial.

### F. Order of Proof

70. This proposed order of proof assumes that at least some infringement issues remain unresolved by the time of trial, whether by stipulation or otherwise.

71. Opening statements will be delivered in the following order: Heron then Fresenius.

72. Heron will present its entire case in chief on issues of infringement, including asserted patents-in-suit and technology background. Fresenius then will present its rebuttal to Heron's case in chief on issues of infringement, and any additional technology background as well as presenting its case in chief on patent invalidity. Heron then will present its rebuttal to Fresenius's case in chief on issues of patent invalidity, including presenting evidence on objective indicia of nonobviousness. Fresenius then will present its rebuttal case on objective indicia of nonobviousness.

### G.   Daily List of Admitted Exhibits

73. The parties will confer each day to discuss the list of admitted exhibits used during the trial day. The parties will jointly coordinate with Court staff to ensure the Court and all parties have an accurate list of admitted exhibits, and in the event of a dispute, timely raise any issues in the morning.

### H.   Trial Transcript Errata

74. The parties will meet and confer regarding an appropriate schedule for joint submission of corrections to the trial transcript.

### I.   Post-Trial Briefing

75. Unless the Court sets a schedule, the parties will work together to propose a schedule for post-trial findings of fact and conclusions of law, and any potential closing arguments, after the conclusion of trial in consultation with the Court.

76. Only admitted trial exhibits and demonstratives actually used in Court may be relied upon in post-trial briefing.

77. No appendices shall be submitted with any post-trial briefs.

78. Trial exhibits shall be referred to by exhibit number (PTX-, DTX-, or JTX-).

### J. Submission of Exhibits After Trial

79. In accordance with the Court's Preferences and Procedures, in lieu of submitting hard copies of the trial exhibits, the parties shall submit hyperlinked versions of the parties' respective post-trial papers within one (1) week of the filing of the last post-trial brief.

## XII. ORDER TO CONTROL COURSE OF ACTION

80. This Order shall control the subsequent course of the action, unless modified by the Court to prevent manifest injustice.

| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | SMITH, KATZENSTEIN & JENKINS LLP |
|---|---|
| */s/ Jeremy A. Tigan* | */s/ Daniel A. Taylor* |
| Jack B. Blumenfeld (#1014)<br>Jeremy A. Tigan (#5239)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>(302) 658-9200<br>jblumenfeld@morrisnichols.com<br>jtigan@morrisnichols.com<br><br>*Attorneys for Plaintiff*<br>*Heron Therapeutics, Inc.* | Neal C. Belgam (#2721)<br>Daniel A. Taylor (#6934)<br>1000 West Street, Suite 1501<br>Wilmington, DE 19801<br>(302) 652-8400<br>nbelgam@skjlaw.com<br>dtaylor@skjlaw.com<br><br>*Attorneys for Defendant*<br>*Fresenius Kabi USA, LLC* |
| OF COUNSEL: | OF COUNSEL: |
| Bruce M. Wexler<br>Isaac S. Ashkenazi<br>Christopher P. Hill<br>Justin T. Fleischacker<br>Mark Russell Sperling<br>PAUL HASTINGS LLP<br>200 Park Avenue<br>New York, NY 10166<br>(212) 318-6000<br>brucewexler@paulhastings.com<br>isaacashkenazi@paulhastings.com<br>christopherhill@paulhastings.com<br>marksperling@paulhastings.com | Imron T. Aly<br>Kevin M. Nelson<br>Helen H. Ji<br>Julie A. Vernon<br>ARENTFOX SCHIFF LLP<br>233 South Wacker Drive, Suite 7100<br>Chicago, IL 60606<br>(312) 258-5500<br>imron.aly@afslaw.com<br>kevin.nelson@afslaw.com<br>helen.ji@afslaw.com<br>julie.vernon@afslaw.com |

June 10, 2024

SO ORDERED this _____ day of _____, 2024.

_____
United States District Judge