IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HERON THERAPEUTICS, INC., <br><br> Plaintiff, <br><br> v. <br><br> FRESENIUS KABI USA, LLC, <br><br> Defendant. | C.A. No. 22-985-WCB |

**[PROPOSED] FINAL JUDGMENT**

WHEREAS, the Court held a four-day bench trial in this action from June 24 through June 27, 2024; and

WHEREAS, the Court issued an opinion setting forth its Findings of Fact and Conclusions of Law on December 3, 2024 (D.I. 193):

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Court has jurisdiction over Plaintiff Heron Therapeutics, Inc. ("Heron") and Defendant Fresenius Kabi USA, LLC ("Fresenius")[1] and the subject matter of this action.

2. Final Judgment is entered in favor of Heron and against Fresenius on all claims and counterclaims with respect to United States Patent No. 9,561,229 ("the '229 patent") and United States Patent No. 9,974,794 ("the '794 patent"). The manufacture, use, offer for sale, or sale within the United States, or importation into the United States, of Fresenius's Abbreviated New Drug Application ("ANDA") product that is the subject of ANDA No. 214639 before the expiration of these patents would infringe claims 9, 10, and 21 of the '229 patent and claims 9 and 10 of the

---

[1] Pursuant to the Stipulation and Order Dismissing Without Prejudice Defendant Fresenius Kabi AG and Amending Caption to Reflect the Same (D.I. 13 ¶ 1), Fresenius Kabi AG is bound by this Final Judgment, as well as any stipulation, decision, order, or judgment, including any injunction, rendered as to Fresenius in this action.

1

'794 patent. Claims 9, 10, and 21 of the '229 patent and claims 9 and 10 of the '794 patent are not invalid.

3. Pursuant to 35 U.S.C. § 271(e)(4)(A), the effective date of any approval of Fresenius's ANDA No. 214639 shall be no earlier than the latest date of expiration of the '229 and '794 patents (currently September 18, 2035), and any pediatric exclusivity to which Heron may become entitled. If Heron becomes entitled to any other exclusivities that are not referenced herein, Heron may apply to the Court for further relief as may be appropriate.

4. Pursuant to 35 U.S.C. § 271(e)(4)(B), Fresenius and its affiliates, successors, partners, officers, agents, servants, employees, and attorneys, and other persons or entities in active concert or participation with any of them, are hereby enjoined from making, using, offering to sell, or selling within the United States, or importing into the United States, the product that is the subject of ANDA No. 214639 until no earlier than the latest date of expiration of the '229 and '794 patents (currently September 18, 2035).

5. In accordance with 21 C.F.R. § 314.107(e), Fresenius shall submit a copy of this Final Judgment to the FDA within fourteen (14) days of the date of entry of this Final Judgment by the Court.

6. Pursuant to Fed. R. Civ. P. 54, D. Del. LR 54.1, and 28 U.S.C. § 1920, Heron may seek its costs, subject to Paragraphs 7 and 8, in an amount to be determined by the Clerk of the Court.

7. In the event that a party appeals this Final Judgment, any motion for attorneys' fees or submission of a bill of costs, including any motion that this case is exceptional under 35 U.S.C. § 285, shall be considered timely if filed within 60 days after the expiration of the time to petition

for certiorari to the United States Supreme Court or, if the appeal is withdrawn or dismissed, within 60 days after such withdrawal or dismissal.

8. In the event that no party appeals this Final Judgment, any motion for attorneys' fees or submission of a bill of costs, including any motion that this case is exceptional under 35 U.S.C. § 285, shall be considered timely if filed within 60 days after the expiration of the time for filing a notice of appeal under Fed. R. App. P. 3 and 4.

9. This is a final, appealable judgment.

**IT IS SO ORDERED**, on this ___ day of December, 2024.

_____
WILLIAM C. BRYSON
UNITED STATES CIRCUIT JUDGE